IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW WOLTERS, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-12-1115
:
WARDEN THOMAS, : (Judge Conaboy)
:
    Respondent :

FILED
SCRANTON

MAY 12 2014

PER _____
DEPUTY CLERK

**MEMORANDUM**
**Background**

    Andrew Wolters, a prisoner presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg) filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is USP-Lewisburg Warden Thomas.[1]

    Petitioner states that he is presently serving a sentence which was imposed by the United States District Court for the Central District of California.[2] His pending action does not challenge the legality of his criminal conviction or the resulting sentence.

    According to the Petition, on or about March 28, 2012,

---

[1] The only properly named respondent in a federal habeas corpus action is the applicant's custodial official. See 28 U.S.C. § 2242.

[2] Respondent indicates that Wolters was convicted of bank robbery and related charges and has a projected release date of February 24, 2043.

1

Wolters learned that administrative sanctions had been imposed against him for not making payments pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program (IFRP). See Doc. 1, Ground One. Relying on Soroka v. Daniels, 467 F. Supp.2d. 1097 (D. Or. 2006), Petitioner argues that the imposition of the IFRP in his case was improper because the sentencing court had not amended its restitution order.

The Petition next asserts that Petitioner was issued a falsified misconduct charge, Incident Report (IR) 2262689, on or about February 1, 2012 which accused him of possession of a weapon. See id., Ground Two. Wolters alleges that the charge was issued in retaliation after he complained that prison employees had stolen items of his personal property.

Petitioner's third contention maintains that he was issued a second false incident report on or about February 21, 2012 which accused him of bribery. After being found guilty of this charge he was allegedly given sanctions which included a loss of good time credits. See id., Ground Three.

Wolters' fourth claim states that he was issued another meritless disciplinary charge on May 9, 2012 charging him with extortion and insolence. After being found guilty Petitioner was sanctioned to further loss of good time credits.

### Discussion

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir. 1993). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

### IFRP

The IFRP encourages federal prisoners to meet their financial responsibilities by entering into a contractual payment schedule developed for the inmate with the assistance of BOP staff. An inmate's failure to participate in this program or to make agreed payments can affect his or her eligibility for participation in various BOP programs and may be considered for purposes of parole review.

The United States Court of Appeals for the Third Circuit has recognized that an IFRP related claim sounds in habeas corpus. See Pinet v. Grondolsky, 345 Fed. Appx. 805, 806 (3d Cir. 2009)(when an inmate "challenges the execution of his sentence by claiming that the BOP acted unlawfully in

establishing a payment schedule regarding the imposed fine, the claim falls squarely within the purview of a section 2241 petition."); Millegan v. Martinez, 2010 WL 174873 *1 (M. D. Pa. Jan. 12, 2010)(Caputo, J.). Accordingly, this Court concurs that Wolters' claims regarding the IFRP are properly raised under § 2241.

It is initially noted that Soroka is not binding on this Court. More importantly, the Third Circuit Court of Appeals has recognized that the IFRP is constitutional. See Pinet 345 Fed. Appx. at 807(reaffirming the constitutionality of the IFRP); James v. Quinlan, 866 F.2d 627, 630-31 (3d Cir. 1989). Thus, since those determinations by the Third Circuit Court of Appeals are binding on this Court, any present claim by Petitioner that the BOP's IFRP policy is unconstitutional lacks arguable merit.

Ground 1 of Wolters' pending action claims that the IFRP was not properly implemented in his case because he was ordered to pay restitution and the sentencing court did not issue an amended restitution order. A review of the Respondent's response shows that it does not address Petitioner's IFRP claim.

In Costigan v. Yost, 318 Fed. Appx. 58 (3d Cir. 2008), the Third Circuit Court of Appeals addressed a claim regarding the IFRP and collection of a felony assessment. The Court of Appeals noted that with respect to with restitution, the sentencing court is required to set up a payment schedule. If not, there is an impermissible delegation of authority to the

BOP when it attempts to collect payment of restitution via its IFRP program. See id. at 60; see also United States v. Coates, 178 F.3d 480, 485 (3d Cir. 2001)( the fixing of restitution payments is an exclusiviely judicial act).

Based upon an application of the principles announced in Costigan and Coates, Wolters has arguably set forth a viable federal habeas corpus claim with regards to his apparent contention that the BOP was precluded from implementing the IFRP to collect restitution in his case. Accordingly, the Respondent will be directed to file a supplemental response addressing said claim.

**Disciplinary Charges**

As previously discussed Petition also seeks relief with respect to three (3) separate institutional proceedings.

The United States Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 563-73 (1974), held that a prisoner deprived of good time credits as a sanction for misconduct is entitled to certain due process protections in a prison disciplinary proceeding. Wolff noted that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556. Nonetheless, the Supreme Court held that a prisoner facing a loss of good time credits is entitled to some procedural protection. Id. at 563-71.

A subsequent Supreme Court decision, <u>Sandin v. Conner</u>, 515 U.S. 472, 480-84 (1995), reiterated that the due process safeguards set forth in <u>Wolff</u> must be provided when the challenged disciplinary proceeding results in a loss of good time credits. <u>See</u> also <u>Young v. Kann</u>, 926 F.2d 1396, 1399 (3d Cir. 1991) (a federal prisoner has a constitutionally protected liberty interest in good time credit); <u>Griffin v. Spratt</u>, 969 F.2d 16, 19 (3d Cir. 1992).

## IR 2262689

Petitioner asserts that he is entitled to federal habeas corpus relief on the basis that he was issued a retaliatory misconduct charge on or about February 1, 2012.[3] <u>See</u> Doc. 1, Ground Two.

According to the Respondent, a correctional officer conducting a February 1, 2012 shakedown search of Petitioner's personal property which had been shipped from the federal correctional facility where he was previously held discovered

---

[3] The filing of a disciplinary charge is actionable in a § 1983 civil rights action if done in retaliation for an inmate's filing of a grievance pursuant to established procedures. <u>Sprouse v. Babcock</u>, 870 F.2d 450, 452 (8th Cir. 1989); <u>see also</u> <u>Newsom v. Norris</u>, 888 F.2d 371, 377 (6th Cir. 1989) (filing of false disciplinary charges is not a constitutional violation unless charges were filed in retaliation for the exercise of a constitutional right); <u>Flanagan v. Shively</u>, 783 F. Supp. 922, 931 (M.D. Pa. 1992) (McClure, J.) (same); <u>Wilson v. Maben</u>, 676 F. Supp. 581, 584 (M.D. Pa. 1987) (Nealon, J.) ("When an inmate charged with misconduct has been afforded . . . procedural due process . . ., an allegation that he was falsely accused does not state a claim for a violation of his constitutional rights . . . .").

two concealed razor blades. See Doc. 11, p. 2.

As a result Petitioner was issued IR 2262689 that same day which charged him with possession of a weapon. The misconduct was later amended to charge Wolters with possession of anything not authorized. Following an institutional hearing before a Disciplinary Hearing Officer (DHO), Petitioner was found guilty of the charge and was sanctioned to a 120 day loss of visitation and commissary privileges (suspended pending 180 days of clear conduct).

Petitioner does not dispute that he was not sanctioned to a loss of good time credits or any other sanction which adversely affected the duration of his ongoing federal confinement. Pursuant to the standards set forth in Sandin, he may not properly challenge that underlying disciplinary proceedings in a federal habeas corpus petition. See Fiore v. Lindsay, 336 Fed. Appx. 168, 170 (3d Cir. 2009)(forms of prison discipline other then a loss of good time credit may not be pursued under § 2241); Wapnick v. True, Civil No. 4:CV-97-1829, slip op. (M.D. Pa. Dec. 17, 1997)(McClure, J.)(alleged improper placement in administrative confinement is not a basis for relief under § 2241). Accordingly, with respect to Ground Two, "habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

**IR 2271147**

Wolters next contends that he was issued a second false incident report (IR 2271147) on or about February 21, 2012 which accused him of bribery. After being found guilty of this charge he was allegedly given sanctions which included a loss of good time credits. <u>See</u> Doc. 1, Ground Three.

Respondent states that on February 22, 2012 a prison staff member received a letter from Petitioner "attempting to bribe him by allowing Wolters to take the GED test for other inmates in exchange for money." Doc. 11, p. 4. On March 6, 2012, Petitioner was issued a misconduct for offering a bribe to a staff member, this charge was later changed to charge him with engaging in conduct which disrupts and attempting to give money to or receive money from any person for any illegal or prohibited purpose.

Following a DHO hearing, Wolters was found guilty of the charges and was issued multiple sanctions including a loss of good conduct time. Since Petitioner was undisputably sanctioned to a loss of good time credits which adversely affected the duration of his ongoing federal confinement, this claim is properly raised in a § 2241 petition.

Respondent argues that this claim should be dismissed as meritless because Wolters was provided with all mandated due process protections. <u>Wolff</u> set forth five requirements of due

8

process in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. Id. An additional procedural requirement was set forth in Superintendent, Massachusetts Correctional Inst. at Walpole v. Hill, 472 U.S. 445, 453-56 (1985). In that case, the Supreme Court held that there must be some evidence which supports the conclusion of the disciplinary tribunal.

Under Wolff, advance written notice of the charges must be provided twenty four (24) hours prior to the time of hearing. There is no present assertion that Wolters was not afforded with the amount of advance written notice required under Wolff. On the contrary, a copy of the presiding DHO's written report indicates that Petitioner was served with the misconduct on March 6, 2012 and the disciplinary hearing was not held until March 14, 2012. See Doc. 11-1, Attachment C, p. 19

Second, there is no claim by Petitioner that he requested, but was denied the opportunity to be provided with a staff

9

representative. On the contrary, the record provides that although offered the option of having staff representation, Petitioner declined. See id. There are also no claims by Petitioner that he requested, but was denied the opportunity to: call witnesses; or, submit supporting documents as contemplated under Wolff. In fact, the DHO's written report indicates that Petitioner submitted three (3) handwritten documents in support of his defense and provided some oral testimony.

Petitioner generally contends that the charge was false, malicious, and retaliatory. He offers no specifics with respect to those bald contentions. Based upon those vague allegations, Wolters is apparently alleging that the DHO's finding of guilt was not sufficiently supported by the evidence. Wolters adds that he did not receive a copy of the DHO's decision or the forms required to file an administrative appeal.[4]

Wolff further directs that the factfinder in a prison disciplinary proceeding must issue a written decision describing the evidence relied upon and stating the rationale behind any decision. It is undisputed that the presiding DHO issued a detailed written decision explaining the reasoning underlying the finding of guilt.

---

[4] There is no argument by Respondent that Petitioner failed to exhaust his administrative remedies with respect to this claim. Additionally, prison officials are not required to provide appeals forms under Wolff. Based upon those factors, further consideration of the alleged denial of administrative appeal forms is not required.

10

With respect to the allegation that Petitioner was not given a copy of the DHO report, Petitioner acknowledges that a written decision was prepared.  Second, a copy of that DHO report which was submitted to this Court provides that it was served on Petitioner on June 26, 2012.  See id. at p. 23.

It is also noted that Wolters' claim of not being provided with a copy of the decision is undermined by the fact that he admits that he was aware that he was found guilty and sentenced to a loss of good conduct time as well as a loss of institutional privileges.  See Doc. 1, p. 7.  Moreover, later in his Petition, Wolters acknowledges being sanctioned to a 27 day loss of good conduct time, an additional 60 day punishment, and 180 day loss of privileges, which match the sanctions imposed. See Doc. 1, p. 10.

Furthermore, since there is no request for dismissal on the basis of non-exhaustion of administrative remedies, Petitioner's contention that his failure to be provided with a copy of the DHO's report was undertaken to prevent him from compliance with the exhaustion of administrative remedies requirement lacks merit. There is also no allegation that he alleged failure to be provided with a copy of the DHO's report somehow prejudiced Wolters' ability to present a defense to the charge which had already been adjudicated. Under these circumstances, especially noting that Respondent has provided credible evidence showing that the DHO report was served on Petitioner on June 26, 2012,

Petitioner has not established entitlement to federal habeas corpus relief.

In regards to the claim that the DHO's finding of guilt was not sufficiently supported by the evidence, a federal court has no duty to independently weigh the evidence, but only to see that there was some evidence or basis in fact to support the finding of guilt. Hensley v. Wilson, 850 F.2d 264 (6th Cir. 1988). The findings in a disciplinary hearing are not arbitrary or capricious if there exists a basis in fact to support a disciplinary hearing officer's findings. Edwards v. White, 501 F. Supp. 8 (M.D. Pa. 1979).

DHO Chambers' written decision clearly relied upon a written letter to a correctional staff member drafted by Wolters wherein the inmate offered to take GED tests on behalf of other prisoners in exchange for cash, stamps, commissary items, or any combination thereof. The DHO's report noted that Wolters gave testimony admitting ownership of the letter underlying the misconduct charge. Moreover, any federal prisoner is clearly aware that such a proposal as made by Petitioner is unlawful and in violation of BOP rules.

Based upon a review of the undisputed record, especially the DHO's written decision, it is the determination of this Court that the Hill requirement that the DHO's determination be supported by some evidence was satisfied. The petition simply does not assert that this is the type of a case where the record

was so devoid of evidence that the findings by the DHO were without support or otherwise arbitrary. Based upon even the most liberal construction of Wolters' pro se petition there is simply no basis for a claim that the DHO's decision was not adequately supported.

Since Petitioner was afforded all mandated due process protections, there is no basis for federal habeas corpus relief with respect to IR 2271147.

### IR 2301718

Wolters' remaining claim (Ground Four) states that he was issued another meritless disciplinary charge on May 9, 2012 charging him with extortion and insolence. Petitioner again generally describes these charges as being false and malicious. Wolters adds that using a curse word in a sentence spoken to a correctional officer is not insolence. See Doc. 1, p. 9. He also makes a vague contention that the officer was indecently exposing himself. It is undisputed that this disciplinary charge also resulted in a loss of good conduct time making it appropriate for federal habeas corpus review.

According to the Respondent, on May 9, 2012, Petitioner was directed by a correctional officer to pack up his property because he was being moved to another cell with another prisoner. Petitioner told the officer to get away from his cell door and threatened the officer that Wolters would have the

officer's job terminated and his bank account frozen noting that he had done that to other prison officials in the past.

As a consequence of this verbal exchange, Wolters was issued a misconduct which was eventually amended to charge him with interfering with staff, and attempted extortion, blackmail, or protection.

In addition to raising another general claim that the DHO's finding of guilt was not sufficiently supported by the evidence, Wolters also asserts that the DHO did not prepare a written report to prevent him from pursing an administrative appeal.

Once again there are no claims by Petitioner that he requested but was denied staff representation, or that he attempted but was denied the opportunity to: call witnesses; or, submit supporting documents as contemplated under <u>Wolff</u>. There is also no claim of inadequate or untimely advance notice of the charges. The Respondent's response includes a copy of the DHO's written decision clearly undermining any claim that one was not prepared. <u>See</u> Doc. 11-1. Attachment D, p. 37. According to that decision, Wolters submitted two hand written documents to the DHO but declined to present any verbal testimony.

In addition to reviewing those documents and the reporting officer's account, the DHO also considered surveillance videotape footage of the incident (as requested by Wolters). The DHO indicated that the videotape footage contradicted Petitioner's assertion of indecent sexual conduct by the

correctional officer. Based upon a review of the DHO's report, the Hill requirement that the DHO's determination be supported by some evidence was once again satisfied. There was adequate evidentiary support for the conclusions reached by the DHO. Moreover, those reasons were clearly explained in the DHO's written report.

Finally, the DHO's report contains a written notation that a copy of it was given to the inmate on June 27, 2012. See id. at p. 41. As was the case with Petitioner's earlier claim, there is no request for dismissal on the basis of non-exhaustion of administrative remedies, thus, undermining any claim that Petitioner was denied a copy of the DHO's report to prevent from satisfying the administrative exhaustion requirement. There is also no allegation that the alleged failure to be provided with a copy of the DHO's report somehow prejudiced Wolters. Finally, the Respondent has provided credible evidence that Wolters was served with a copy of the report. Based upon those consideration, the Court concludes that there is no basis for federal habeas corpus relief with respect to Ground Four since Petitioner was afforded his Wolff and Hill protections. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: MAY 14, 2014