IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW WOLTERS, | : | |
| Petitioner | : | |
| v. | : | CIVIL NO. 3:CV-12-1115 |
| WARDEN THOMAS, | : | (Judge Conaboy) |
| Respondent | : | |

## MEMORANDUM
### Background

Andrew Wolters, a prisoner presently confined at the McCreary United States Penitentiary, Pine Knot, Kentucky filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is Warden Thomas who is employed at the Petitioner's prior place of confinement, the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg).[1]

By Memorandum and Order dated May 12, 2014, this Court denied relief with respect to Grounds 2,3, & 4 of the Petition. See Docs. 31 & 32. In addition, it was determined that Wolters arguably set forth a viable federal habeas corpus claim with

---

[1] The only properly named respondent in a federal habeas corpus action is the applicant's custodial official. See 28 U.S.C. § 2242. This action was initiated by Wolters while he was held at USP-Lewisburg.

1

regards to his contention (Ground One) that the federal Bureau of Prisons (BOP) was precluded from implementing the Inmate Financial Responsibility Program (IFRP) to collect restitution in his case.  Consequently, the Respondent was directed to file a supplemental response addressing Petitioner's surviving claims (Ground One).[2]

The Respondent's supplemental response argues that Ground One is subject to dismissal because "Wolters has failed to exhaust his administrative remedies and because his restitution schedule is consistent with the schedule directed by the sentencing court."  Doc. 33, p. 1.

## Discussion

Petitioner alleges that on or about March 28, 2012, he learned that administrative sanctions had been imposed against him for not making payments pursuant to the IFRP.  See Doc. 1, Ground One.  Relying on Soroka v. Daniels, 467 F. Supp.2d. 1097 (D. Or. 2006), Wolters argues that the imposition of the IFRP in his case was improper because the sentencing court had not amended its restitution order.[3]

---

[2] Although, Soroka is not binding on this Court, Respondent's initial response did not address Petitioner's IFRP claim.

[3] An IFRP related claim sounds in habeas corpus.  See Pinet v. Grondolsky, 345 Fed. Appx. 805, 806 (3d Cir. 2009)(when an inmate "challenges the execution of his sentence by claiming that the BOP acted unlawfully in establishing a payment schedule

2

**Administrative Exhaustion**

Respondent's initial argument seeks dismissal of the remaining portion of the petition on the grounds that Wolters failed to exhaust his available administrative remedies.

It is well-settled that "[a] federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted all available administrative remedies." Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)(emphasis added). A party is required to exhaust administrative remedies before seeking relief in federal court unless Congress has indicated to the contrary or the available administrative remedies are inherently inadequate. Young v. Quinlan, 960 F.2d 351, 356 (3d Cir. 1992). Exhaustion is only excused where pursuit of administrative remedies would be futile, the agency's actions clearly and unambiguously violate statutory or constitutional rights, or the administrative procedures would be inadequate to prevent irreparable harm. Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

The Federal Bureau of Prisons (BOP) has a well established

---

regarding the imposed fine, the claim falls squarely within the purview of a section 2241 petition."); Millegan v. Martinez, 2010 WL 174873 *1 (M. D. Pa. Jan. 12, 2010)(Caputo, J.).

    It is also noted that the Third Circuit Court of Appeals has recognized that the IFRP is constitutional. See Pinet 345 Fed. Appx. at 807(reaffirming the constitutionality of the IFRP).

3

three (3) step Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.19.  After attempting to informally resolve the issue, a BOP inmate can initiate the first step of the grievance process by submitting  "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," within twenty (20) calendar days "following the date on which the basis for the Request occurred."  See  28 C.F.R. § 542.14(a).  The Warden has twenty (20) calendar days from the date the Request or Appeal is filed in which to respond.  Id. at § 542.18.

If not satisfied with the Warden's response, an inmate may appeal (step two) on the appropriate form (BP-10) to the Regional Director within twenty (20) calendar days of the date the Warden signed the response.  Id. at § 542.15.  Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed (step three) on the appropriate form (BP-11) to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response.  Id.  Additionally, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  Id.

In support of the non-exhaustion argument, Respondent has

4

submitted a declaration under penalty of perjury by USP-Lewisburg Attorney Advisor Michael Romano.  See Doc. 33-1, Exhibit A.  Attorney Romano states that a review of the BOP's computerized index of administrative remedies reveals that since Wolters has been in federal custody he has filed 241 administrative grievances, 75 of which were fully exhausted.  See id. at ¶ 6.

   Romano's declaration elaborates that Petitioner attempted to initiate an IFRP related grievance at the national level.  However, it was rejected on July 15, 2010 on the basis that it was not related to a sensitive issue.[4]  The notice of rejection directed Petitioner that he needed to refile his grievance at the institutional level and then the regional level, if necessary before filing at the national level.  See id. at ¶ 7.  However, Wolters failed to do so.  Based upon that failure, respondent concludes that ground One is subject to dismissal on the basis of non-exhaustion.

   Petitioner generally counters that he attempted to seek administrative relief but was denied access to the grievance procedure, received threats, and was given false disciplinary reports.  See Doc. 40, p. 1.  Due to those purported actions, "the administrative remedies was not available."  Id.

---

   [4] It is noted that Petitioner claims that he did not become aware of his IFRP claim until March 28, 2012.

5

Wolters' pending § 2241 petition is dated June 10, 2012,[5] and will be deemed filed as of that date. See Houston v Lack, 487 U.S. 266 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court).

The Court of Appeals for the Third Circuit has repeatedly recognized that a federal prisoner must exhaust available administrative remedies before seeking habeas corpus relief in federal court. Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Unless it would be futile to pursue administrative remedies, courts have rejected attempts to obtain judicial relief by prisoners who have disregarded the administrative remedy process. See Ramsey v. United States, No. Civ. 1:CV-05-1476, 2006 WL 1412767 at *1 (M.D. Pa. May 22, 2006)(Caldwell, J.); Porte v. Warden, FCI-Allenwood, No. Civ. 4:CV-04-1534, 2006 WL 47654 at *3-5 (M.D. Pa. Jan. 9, 2006)(Jones, J.).

Based upon the undisputed record, Petitioner initiated this federal habeas corpus action before exhausting his available BOP administrative remedies in regards to Ground One. Petitioner acknowledges that he knew how to pursue administrative relief. See Doc. 40, p. 2. Moreover, attached to Wolters' reply is an exhibit which indicates that after the

---

[5] See Doc. 1, p. 12.

filing of this action he initiated a proper IFRP related administrative grievance dated April 28, 2014. See Doc. 40-1, p. 8.

Wolters also offers no viable explanation as to why he failed to properly pursue administrative relief with respect to Ground One prior to the initiation of this action. Petitioner's submissions do not provide an arguable basis for a determination under the limited Lyons exceptions that he should be excused from the exhaustion requirement. On the contrary, Wolters does not dispute that he has filed over two hundred and forty (240) grievances while incarcerated, seventy-five (75) of which were fully exhausted. It is also noted that copies of Petitioner's BOP administrative remedy records which accompany Attorney Romano's declaration show that in the year prior to the filing of this action, Wolters filed and exhausted a BOP grievance. See Doc. 33-1, p. 59. Petitioner's documented history of pursuing BOP administrative remedies undermines his vague argument that he was denied access to the process or was afraid to seek such relief.   Based upon those considerations, Petitioner's remaining claim, Ground One, was prematurely raised before this Court. Accordingly, dismissal of that surviving argument is appropriate under the standards developed in Moscato and Ridley. See Murray v. Grondolsky 2009 WL 2044821 *2 (D.N.J. 2009)( dismissal of § 2241 action for non-exhaustion of

7

administrative remedies); Morgan v. Borough of Carteret, 2008 WL 4149640 *5 (D.N.J. 2008) (dismissal for non-exhaustion of administrative remedies).  To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing prisoners to invoke the judicial process before completing administrative review.  An appropriate Order will enter.


                                              S/Richard P. Conaboy
                                              RICHARD P. CONABOY
                                              United States District Judge

DATED:    OCTOBER 20, 2014